UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
UNITED STATES OF AMERICA            )
                                    )
       v.                           )    Criminal No. 09-0026 (PLF)
                                    )
RICO RODRIGUS WILLIAMS,             )
                                    )
       Defendant.                   )
_____)


MEMORANDUM OPINION AND ORDER

This matter is before the Court on the government's motion in limine to introduce other crimes and bad acts evidence pursuant to Federal Rule of Evidence 404(b). The Court heard oral argument on the motion on February 18, 2010, and took it under advisement. After carefully considering the parties' papers, the relevant case law, and the oral argument made by counsel both at the motions hearing on February 18, 2010 and at the motions hearing on July 29, 2010, where the Court heard argument on the defendant's motion to exclude the government's expert witness, the Court will grant the government's Rule 404(b) motion in part and deny it in part.

In considering the admissibility of evidence of other crimes, wrongs or acts under Rule 404(b) of the Federal Rules of Evidence, the Court must apply a two-step analysis. First, the Court must determine whether "the evidence [is] probative of some material issue other than character." United States v. Clarke, 24 F.3d 257, 264 (D.C. Cir. 1994). Under Rule 404(b), evidence of other crimes, wrongs or acts is admissible as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." FED. R. EVID.404(b).

This is not an exclusive list of relevant purposes, and any purpose for which such evidence is introduced is a proper purpose so long as the evidence is not offered solely to prove character or criminal propensity. See United States v. Mahdi, 598 F.3d 883, 891 (D.C. Cir. 2010); United States v. Pettiford, 517 F. 3d 584, 588 (D.C. Cir. 2008); United States v. Miller, 895 F.2d 1431, 1436 (D.C. Cir. 1990). Furthermore, in this circuit the Rule is viewed as one of inclusion rather than exclusion. United States v. Long, 328 F.3d 655, 660-61 (D.C. Cir. 2003); United States v. Bowie, 232 F.3d 923, 930 (D.C. Cir. 2000).

Second, if the Court determines that the other acts evidence is admissible for a legitimate purpose, the Court then must decide whether it nevertheless should be excluded under Rule 403 of the Federal Rules of Evidence because "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FED. R. EVID. 403; see United States v. McCarson, 527 F.3d 170, 173-74 (D.C. Cir. 2008); United States v. Clarke, 24 F.3d at 264 ("The second step requires that the evidence not be inadmissible under Rule 403"). Under Rule 403, the test is "unfair prejudice," not just prejudice or harm to the defense. See United States v. Pettiford, 517 F.3d at 290 (Rule 403 "does not bar powerful or even 'prejudicial' evidence . . . [It] focuses on the 'danger of *unfair* prejudice,' . . ."); United States v. Cassell, 292 F.3d 788, 796 (D.C. Cir. 2002) ("Virtually all evidence is prejudicial or it isn't material. The prejudice must be unfair.").

The government asks the Court to admit nine categories of other crimes or bad acts evidence. The Court discusses each of these categories in turn and determines whether the government's proffer and the rationale for admission of each category of evidence meet the

2

requirements for admission under Rules 404(b) and 403.

First, the government seeks to introduce testimonial evidence that on approximately ten occasions from 2003 through 2005, the defendant orchestrated, and in many instances directly participated in, assaults as part of gang initiation ceremonies that were very similar to the beating that resulted in the victim's death during a Gangster Disciple initiation ceremony on July 3, 2005. The government's theory is that like the gang initiation in which the victim was struck and killed on July 3, 2005, each of these earlier instances was a gang initiation orchestrated by the defendant and conducted in a similar manner. The Court agrees with the government that this evidence is admissible as proof of a common plan or scheme, motive, intent, and possibly identity with regard to Count One of the Indictment, charging murder under 18 U.S.C. § 1111(a). The Court concludes that the prejudicial impact of this evidence does not substantially outweigh its significant probative value.

Second, the government seeks to introduce testimonial evidence that in 2004 and 2005, while in Germany, the defendant participated in the decision to initiate approximately four United States Army soldiers then deployed in Iraq into the Gangster Disciples in a manner similar to the initiation ceremonies that took place in Germany. The government argues that this evidence also shows a common plan or scheme, motive, and intent with regard to Count One of the Indictment. For the reasons just discussed, the Court is inclined to agree, but first requires a more detailed proffer from the government as to the defendant's actual "participat[ion] in the decision" and his specific conduct.

Third, the government seeks to introduce testimonial evidence that the defendant participated in several assaults involving individuals at a nightclub where the defendant was

3

employed as a bouncer, including one in which he knocked out and injured an individual with one punch. The government argues that this evidence is admissible both because these assaults were intended to further the purposes of the defendant's gang and to show that the defendant had knowledge about the strength of his punches and the level of injury he could inflict. The Court agrees with the government on the second theory only — this evidence is relevant to the defendant's *mens rea* with regard to Count One, and, conversely, to the absence of mistake or accident. When admitted for this purpose, the probative value of the evidence is not substantially outweighed by its prejudicial impact.

Fourth, the government seeks to introduce evidence that the defendant ordered gang members to strike fellow gang members in the face in order to further the purposes of the gang. The government also seeks to have several witnesses testify that in order to maintain discipline and loyalty within the structure of the gang, the defendant threatened individuals, either directly or through other gang members, in order to make them attend gang meetings and to ensure that they did not leave the gang. The government has proffered that some of the witnesses who would so testify are the same individuals identified by the letters A through H in Counts Two, Three, and Four of the Indictment, the counts charging witness tampering under 18 U.S.C. § 1512(b)(3). To the extent that this evidence relates directly to events on July 3 and 4 or shortly before those dates with respect to A through G, it may either be highly probative Rule 404(b) evidence or evidence directly relevant to prove knowledge, intimidation, and threats — all elements that must be proved under Counts Two and Three. It will be admitted. The Court requires a further proffer with respect to Count Four. The government also argues that this same evidence also may be relevant to the state of mind of the witnesses with whom defendant

4

allegedly tampered. With respect to this last possibility, the Court will need a more detailed proffer before considering its admission in the government's case in chief.

Fifth, the government seeks to introduce evidence that the defendant continued to make threats, both direct and indirect, to members of the gang who remained in Germany after the defendant had left Germany for the United States following the victim's death. The government's proffered evidence also includes allegations that the defendant's threats involved the removal or concealment of gang related tattoos and that the defendant had contact information for and may have contacted family members of certain gang members.[1] Any such evidence may be relevant to the state of mind of the witnesses with whom defendant allegedly tampered. It therefore may be admissible evidence in the government's rebuttal case.

Sixth, the government seeks to introduce evidence that members of the gang were involved in the possession, use and distribution of illegal drugs while in Germany. As the government itself notes, this evidence at most would serve the purpose of rebutting the possible defense that the group of individuals the defendant associated with in Germany was not a violent street gang involved in illicit activity but only a social club. While this seems somewhat attenuated, the Court will consider admitting this evidence in rebuttal but only if the defendant brings into question the alleged illicit and violent nature of the gang.

The seventh, eighth, and ninth categories of evidence are, respectively, that the defendant was carrying a concealed hand gun when he was arrested, that he possessed several assault-style weapons and ammunition in his residence in Virginia, and that in the same residence

---

[1] The government clarified at oral argument on February 18, 2010 that its proffer with respect to threats involving the removal or concealment of gang-related tattoos is not really Rule 404(b) evidence at all but is directly relevant to proving Count Four.

the defendant also possessed marijuana and digital scales. The Court concludes that there is no basis for admitting these categories of evidence under Rule 404(b) because the crimes with which the defendant is charged do not involve either guns or drugs and there is no other apparent relevance of this evidence.

For these reasons, the Court will grant in part and deny in part the government's motion. The various categories of evidence will be admitted under the parameters described above and with appropriate limiting instructions. Accordingly, it is hereby

ORDERED that the government's motion in limine to introduce other crimes and bad acts evidence pursuant to Federal Rule of Evidence 404(b) [24] is GRANTED in part and DENIED in part.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: August 11, 2010