UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
UNITED STATES OF AMERICA,           )
                                    )
     v.                             )    Criminal No. 09-0026 (PLF)
                                    )
RICO RODRIGUS WILLIAMS,             )
                                    )
     Defendant.                     )
_____)

MEMORANDUM OPINION AND ORDER

This matter came before the Court on the government's motion *in limine* regarding two unrelated requests: First, the government requested that the Court preclude the defendant from making improper "missing witness" arguments about either Latisha Ellis or Dr. Kathleen Ingwersen — both of whom the government announced would not testify at trial. Second, the government requested that the Court preclude the defendant from impeaching government witnesses by omissions in their prior statements. (See Mot. at 1, Oct. 18, 2010.)

As to the government's first request, the defendant represented that he "does not intend to argue that [Ms. Ellis' or Dr. Ingwersen's] testimony would have been favorable to him or adverse to the government." (Resp. at 2, Oct. 21, 2010.) Thus, this being a nonissue, the Court will deny as moot the government's motion to preclude the defendant from making improper "missing witness" arguments.

As to the government's second request, the law is clear that "[o]ne may impeach a witness by asking him about prior inconsistent statements." United States v. Stock, 948 F.2d 1299, 1301 (D.C. Cir. 1991). A prior inconsistent statement can take the form of either an

affirmative statement or an omission. See id. Regarding omissions, "[p]rior statements that omit details covered at trial are inconsistent if it would have been 'natural' for the witness to include them in the earlier statement." Id. (citing Jenkins v. Anderson, 447 U.S. 231, 239 (1980)); Jenkins v. Anderson, 447 U.S. at 239 ("Common law traditionally has allowed witnesses to be impeached by their previous failure to state a fact in circumstances in which that fact naturally would have been asserted."); see also 28 CHARLES ALAN WRIGHT & VICTOR JAMES GOLD, FEDERAL PRACTICE AND PROCEDURE: EVIDENCE § 6203, at 517 (1993) ("[A]n inconsistency may exist where the prior statement omits an important fact mentioned during testimony, especially where one would reasonably expect the witness to mention the fact if he believed it to be true.").

This "test is plainly elastic, as the 'naturalness' of a witness's decision to omit a point may depend on nuances of the prior statement's context, as well as on his own loquacity." United States v. Stock, 948 F.2d at 1301. A district court's role is thus to determine whether "a jury might reasonably [find a witness'] omission unnatural and the prior statements inconsistent with [the witness'] trial testimony." See id. If so, "[i]n the absence of some countervailing factor," then the matter should go to the jury — that is, counsel "deserve[] a chance to convince the jury that [a witness'] omission . . . was inconsistent with [the witness' trial] testimony." See id. Furthermore, in the criminal context, the court of appeals has cautioned that, although district courts "must have some discretion over the matter, appellate courts have found preclusions [relating to cross-examination on a witness' prior omission] to be error." United States v. Stock, 948 F.2d at 1301; see also id. at 1302 ("[W]e find that the court's forbidding defense counsel to cross-examine [a witness regarding his omission] violated [the defendant's] right to confront witnesses.").

2

The "naturalness" inquiry is a context-specific one, and a blanket rule of preclusion is inappropriate. See United States v. Stock, 948 F.2d at 1301. Thus, the government's motion to preclude the defendant from impeaching government witnesses by omissions, implicitly denied during the course of the government's presentation of its case-in-chief, now is formally denied.[1]

Accordingly, it is hereby

ORDERED that the government's motion *in limine* to preclude the defendant from making improper "missing witness" arguments [91] is DENIED as moot; and it is

FURTHER ORDERED that the government's motion *in limine* to preclude the defendant from impeaching government witnesses by omissions [91] is DENIED.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
DATE: November 3, 2010                United States District Judge

---

[1] During the course of the defendant's trial, the defendant has attempted to impeach several of the government's witnesses by omissions. (See, e.g., Trial Tr. at 46:5-49:24, Oct. 26, 2010 A.M.) The Court's rulings on any of the government's objections during the course of the trial reflect the principles discussed in this Memorandum Opinion and Order. (See id.)