UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                              )
UNITED STATES OF AMERICA,     )
                              )
        v.                    )   Criminal No. 09-0026 (PLF)
                              )
RICO RODRIGUS WILLIAMS,       )
                              )
        Defendant.            )
_____)

MEMORANDUM OPINION AND ORDER

On November 15, 2010, defendant Rico Rodrigus Williams was found guilty of one count of second degree murder and one count of witness tampering. On January 14, 2011, Mr. Williams filed three post-trial motions. The Court heard oral argument on these motions on June 1, 2011 and issued an oral opinion on June 3, 2011. This oral opinion resolved all the issues presented in Mr. Williams' post-trial motions except one, on which the Court stated that it would order supplemental briefing. See June 3, 2011 Minute Entry.

Mr. Williams was convicted of second degree murder pursuant to the Military Extraterritorial Jurisdiction Act ("MEJA"), 18 U.S.C. §§ 3261 et seq. Under MEJA, the government was required to prove beyond a reasonable doubt that Mr. Williams was "residing with" a member of the United States Armed Forces outside of the United States at the time of the events in question. 18 U.S.C. § 3267(2)(B); see also Nov. 9, 2010 Tr. at 38-39. Despite extensive briefing and oral argument with respect to the evidence in the record that relates to the "residing with" prong of MEJA, the Court finds that there has been little discussion of the applicable law. On its own review, the Court has found that, pursuant to the authority granted by

another provision of MEJA, 18 U.S.C. § 3266, regulations have been promulgated for the specified purpose of "[i]mplement[ing] policies and procedures, and assign[ing] responsibilities under [MEJA] . . . ." 32 C.F.R. § 153.1(a). In addition, the Court also has found that a federal statute conferring extraterritorial jurisdiction for crimes relating to trafficking in persons similarly includes a "residing with" prong. 18 U.S.C. § 3272(2)(B). The Court therefore will direct the parties to file supplemental briefs that address the relevance of these authorities, if any, as well as any other authority that may assist the Court in its consideration of the term "residing with." 18 U.S.C. § 3267(2)(B). To the extent there is any legislative history with respect to 18 U.S.C. § 3267(2)(B) or 18 U.S.C. § 3272(2)(B), or an administrative record or history leading up to the promulgation of the MEJA regulations, counsel shall include a discussion of said history as relevant.

Accordingly, it is hereby

ORDERED that the defendant shall file a supplemental memorandum addressing the issue described above by July 1, 2011; the government shall file an opposition by July 15, 2011; and the defendant shall file a reply by July 22, 2011.

SO ORDERED.

DATE: June 6, 2011

/s/
PAUL L. FRIEDMAN
United States District Judge