sUNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Criminal No. 09-0026 (PLF) |
| RICO RODRIGUS WILLIAMS, | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

The matter is before the Court on the motion [Dkt. No. 246] of the United States for restitution under the Mandatory Victims Restitution Act of 1996 ("MVRA"), 18 U.S.C. § 3663A, or in the alternative, under the Victim and Witness Protection Act of 1982 ("VWPA"), 18 U.S.C. § 3663.

The United States asks the Court to order restitution under the MVRA in the amount of $756,000 – the full amount of the victim's future lost income – based on evidence and expert analysis considered by the Court in its prior restitution opinion in this case. See United States v. Williams, 946 F. Supp. 2d 112 (D.D.C. 2013) (ordering restitution in the amount of $756,000 to the victim's estate under the MVRA). In the alternative, the United States argues that the Court has discretion to award restitution in the amount of $756,000 under the VWPA. Mr. Williams responds that the MVRA does not apply in this case, and that the VWPA does not authorize restitution based on future lost income.

Assuming for present purposes that the Court may decide that the VWPA is the appropriate statute to apply in this case and that it authorizes restitution based on future lost

income, the parties are directed to file supplemental briefing regarding the authority of the Court to award restitution under the VWPA in an amount between $0 and $756,000 in light of Mr. Williams' current financial status.  See, e.g., United States v. Sizemore, 850 F.3d 821, 827 (6th Cir. 2017); United States v. Diaz, 865 F.3d 168, 180-81 (4th Cir. 2017).  In particular, the parties should address whether the Court may consider the defendant's financial resources only in determining "whether" to order restitution in the first instance, or whether the Court may also consider the defendant's financial resources in determining the amount of restitution to be ordered.  Compare 18 U.S.C. § 3663(a)(1)(B)(i)(II) with 18 U.S.C. § 3664(f)(1)(A).  The parties are directed to identify relevant case law in this Circuit and other circuits as appropriate.  In addition, the parties should address whether Mr. Williams has met his burden to demonstrate by a preponderance of the evidence "the financial resources of the defendant and the financial needs of the defendant's dependents" as they relate to the amount of restitution to be ordered.  See 18 U.S.C. § 3664(e).

For the reasons stated above, it is hereby

ORDERED that on or before November 19, 2018, the parties shall file supplemental memoranda, not to exceed 10 pages in length, discussing the Court's authority under the VWPA to consider the defendant's financial resources in determining the amount of restitution to be ordered.

SO ORDERED.

_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  November 7, 2018