UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|                                    |   |                              |
|------------------------------------|---|------------------------------|
| UNITED STATES OF AMERICA           | ) |                              |
|                                    | ) |                              |
| v.                                 | ) | Criminal No. 09-0026 (PLF)   |
|                                    | ) |                              |
| RICO RODRIGUS WILLIAMS,            | ) |                              |
|                                    | ) |                              |
| Defendant.                         | ) |                              |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant Rico Williams' Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Dkt. No. 254], and the government's response to the motion [Dkt. No. 257]. For the reasons that follow, the Court will grant the defendant's motion in part and deny it in part.

On June 15, 2017, Mr. Williams pleaded guilty to involuntary manslaughter in violation of 18 U.S.C. § 1112(a) [Dkt. No. 237]. He had previously been convicted by a jury of obstruction of justice/tampering with a witness, in violation of 18 U.S.C. § 1512(b)(3). The plea agreement stated that the maximum penalty for involuntary manslaughter was eight years. The Court sentenced Mr. Williams to eight years (that is, 96 months) in prison on the manslaughter charge and 96 months on the obstruction charge, the sentences to run concurrently. In his motion, the defendant now points out that all parties – Mr. Williams, his lawyers, the government, the Probation Office, and the Court – overlooked the fact that at the time of the offense in July 2005, the maximum statutory penalty for involuntary manslaughter under 18 U.S.C. § 1112(a) was six years, not eight years. See Defendant's Motion at 2. (The statute

was amended in 2008 to increase the penalty to eight years' imprisonment.) The defendant therefore asks the Court to reduce the manslaughter conviction from eight years (or 96 months) to 72 months because the earlier sentence exceeded the statutory maximum. He also asks the Court to reduce the sentence for the obstruction count to 72 months and to again make the sentences concurrent.

The government does not oppose the defendant's request to have the Court correct the sentence imposed on the manslaughter charge, as the 96 month-sentence for manslaughter exceeded the applicable statutory maximum of six years. As for the defendant's second request – to reduce the sentence on the witness tampering/obstruction count from 96 months to 72 months – the government defers to the Court as to whether it wishes to enter an amended and corrected judgment as to both counts. See Gov't Response at 2-3.

On this second question, the parties agree that the Court has discretion under Section 2255 to fashion "an appropriate remedy," see United States v. Pearce, 146 F.3d 771, 775 (10th Cir. 1998), and to "resentence on all counts as may appear appropriate," see United States v. Townsend, 178 F.3d 558, 566-67 (D.C. Cir. 1999). The government, also citing Pearce, notes that resentencing on the unaffected count is neither "required nor appropriate" in all cases. Gov't Response at 1 (quoting United States v. Pearce, 146 F.3d at 775). It points out that the maximum statutory sentence for the obstruction charge under 18 U.S.C. § 1512(b)(3) was ten years at the time of the offense; the Guidelines sentencing range for that offense was 41 to 51 months. See Gov't Response at 2.

The Court will reduce the defendant's sentence for manslaughter under 18 U.S.C. § 1112(a) from 96 months to 72 months, the statutory maximum. Based on the evidence presented at trial concerning the defendant's conduct with respect to the witness

tampering/obstruction of justice charge, the Court sees no reason to reduce the 96 month-sentence on that count any further.[1] As noted, the statutory maximum was ten years, and the Court sentenced the defendant below that maximum. For these reasons, the Court will grant the defendant's motion in part and deny it in part. It will enter an amended judgment sentencing the defendant to 72 months on his plea to manslaughter under 18 U.S.C. § 1112(a), and 96 months on his conviction under 18 U.S.C. § 1512(b)(3), the sentences to run concurrently. Accordingly, it is hereby

ORDERED that the defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Dkt. No. 254] is GRANTED in PART and DENIED in PART; it is

FURTHER ORDERED that the defendant's sentence on his plea to involuntary manslaughter under 18 U.S.C. § 1112(a) is reduced from 96 months to 72 months; his sentence under 18 U.S.C. § 1512(b)(3) remains unchanged; and it is

FURTHER ORDERED that all other terms of the Amended Judgment entered on June 16, 2017 shall remain the same. A second Amended Judgment will be entered this same day.

SO ORDERED.

/s/ Paul L. Friedman
PAUL L. FRIEDMAN
United States District Judge

DATE: 12/21/18

---

[1] The defendant has served the entire 96-month sentence.